UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON T. SALDANA,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:13-cv-1992-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, plaintiff's motion is denied and defendant's motion is granted.

I.    BACKGROUND

Plaintiff filed an application for a period of disability and DIB on April 1, 2010, alleging that he had been disabled since June 1, 2009. Administrative Record ("AR") 62, 119-127. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 67-69, 77-81. On May 3, 2012, a hearing was held before administrative law judge ("ALJ") L. Kalei Fong. *Id.* at 30-62. Plaintiff was represented by a non-attorney representative at the hearing, at which he and a vocational expert ("VE") testified. *Id.*

1

On July 13, 2012, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id.* at 14-25. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since June 1, 2009, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. The claimant has the following severe impairments: status post gunshot wound to the right leg, chronic pain disorder, posttraumatic stress disorder, major depressive disorder and substance abuse (20 CFR 404.1520(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that, based on all of the impairments, including the substance use disorders, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant could stand and walk up to two hours, could sit without limitations, could lift and carry up to 10 pounds both occasionally and frequently, could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and/or crawl, should avoid ladders, ropes and scaffolds, should avoid concentrated exposure to heights and moving machinery, was unable to perform simple, repetitive tasks, could not maintain regular attendance, could not perform work activities on a regular and continuing basis, and was unable to interact appropriately with supervisors, coworkers or the public.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

\* \* \*

7. The claimant was born on March 7, 1975 and was thirty-four years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity based on all of the impairments, including substance use disorders, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

\* \* \*

11. If the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments.

3

\* \* \*

12. If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)).

\* \* \*

13. If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform a full range of work at all exertion levels but with the following nonexertional limitations: the claimant can perform simple one or two-step tasks, in an environment with limited social contact.

\* \* \*

14. If the claimant stopped the substance use, the claimant would continue to be unable to perform past relevant work (20 CFR 404.1565).

\* \* \*

15. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

16. If the claimant stopped the substance use, considering the claimant's age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that the claimant could perform (20 CFR 404.1560(c) and 404.1566).

\* \* \*

17. The substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if he stopped the substance use (20 CFR 404.1520(g) and 404.1535). Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision.

*Id.* at 16-24.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id*. at 9-10, and on July 12, 2013, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 5-7.

/////

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.    ANALYSIS

Plaintiff contends that in finding that he was not disabled, the ALJ erred by failing to give legally sufficient reasons for discrediting plaintiff's subjective complaints. ECF No. 18 at 3-7.

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id.* at 345–47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d

1273, 1284 (9th Cir. 1996).  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  *See Flaten v. Secretary of HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, *see Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff testified that he is not able to do any work due to physical limitations, including only being able to perform limited standing and walking, and generally experiencing discomfort due to leg pain.  AR 48.  However, plaintiff primarily alleged that he is unable to work due to mental limitations.  He testified that he has problems with emotional instability, is angry all the time, and is "too confrontational" with others.  AR 36, 45.  He further testified that he experiences insomnia, and spends a good deal of time sleeping during the day.  AR 48.

The ALJ found that plaintiff's statements regarding the extent of his limitations were not fully credible.  The ALJ provided multiple reasons for reaching this conclusion.  First, the ALJ found that plaintiff's allegations regarding his psychological impairments were not supported by the medical record.  *Id*. at 23.  While an ALJ may not rely solely on a lack of objective medical evidence to support an adverse credibility finding, it is a relevant consideration in assessing credibility.  *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).  Treatment notes from January and February 2011 indicate that plaintiff was diagnosed with Post Traumatic Stress Disorder, Attention Deficient Hyperactivity Disorder, anxiety, and mood swings, and that he struggled with attention and the ability to follow through with tasks.  On mental examination, plaintiff was alert and oriented, anxious, hypervigilant, and tearful, but had logical thoughts and no suicidal ideation.  *Id*. at 347-48, 350, 353, 355-56.  However, the same treatment notes reflect that with

1    new medication, "he has had significant improvement," including improved impulse control and
2    mood. *Id*. at 347-48, 350, 355-56, 358.

3    Further, as noted by the ALJ, more recent treatment records from January 2012 reflect that
4    plaintiff was experiencing much less anxiety and agitation, and his mood had improved on
5    Wellbutrin and Trileptal. *Id*. at 293. Plaintiff also reported that he was sleeping well. *Id*. This
6    evidence supports the ALJ's finding that plaintiff's allegations of disabling psychological
7    impairments are not supported by the medical record.

8    The ALJ also found that plaintiff's allegations of debilitating limitations were not credible
9    because the medical record indicates that plaintiff's symptoms were controlled effectively by
10   medication. As just described, the medical record document that plaintiff demonstrated
11   significant improvement when on his medication. The ALJ was permitted to find that plaintiff's
12   allegations were not fully credible in light of the evidence showing that plaintiff's mental
13   impairments were managed with medication. *See Rodriguez v. Colvin*, 2014 U.S. Dist. LEXIS
14   73838, at *21 (C.D. Cal. May 29, 2014) ("Impairments that can be effectively treated with
15   medication, even if they are not cured, are not disabling for purpose of Social Security benefits.");
16   *Wader v. Astrue*, 2011 U.S. Dist. LEXIS 113006, at *8 (S.D. Cal. Sept. 30, 2011) ("That
17   medication is effective in controlling a claimant's symptoms is a valid consideration in weighing
18   the credibility of a claimant's testimony that such symptoms are disabling").

19   The ALJ did observe, however, that there was some evidence supporting plaintiff's
20   subjective complaints. AR 23. Specifically, the ALJ noted that treatment records from 2011
21   described plaintiff "as decompensating, anxious and fidgety with limited judgment, insight and
22   circumstantial thoughts." *Id*. However, as noted by ALJ, during this time plaintiff had
23   voluntarily stopped all psychiatric medication in order to try "a natural method of care." *Id*.; *see*
24   AR 327-28. Plaintiff's failure to comply with his medication regiment was a proper consideration
25   in assessing plaintiff's credibility. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)
26   ("[In] assessing a claimant's credibility, the ALJ may properly rely on unexplained or
27   inadequately explained failure to seek treatment or to follow a prescribed course of treatment.")
28   (internal quotations omitted).

Thus, contrary to plaintiff's contention, the ALJ gave several clear and convincing reasons, each supported by substantial evidence, for discrediting plaintiff's allegations of disabling impairments. Accordingly, the ALJ did not err in assessing plaintiff's credibility.

IV. CONCLUSION

The ALJ applied the proper legal standard and supported his decision with substantial evidence. Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: March 16, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE